Unsealed 4/15/11

**SEALED**

11 APR 14 PM 4:31

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11CR1445WQH |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 1341 - Mail Fraud; Title 26, U.S.C., Sec. 7206(2) - Procuring a False Tax Return; Title 42, U.S.C., Sec. 408(a)(8) - Fraudulent Use of a Social Security Number of Another Person; Title 18, U.S.C., Sec. 1028A(a)(1) - Aggravated Identity Theft; Title 26, U.S.C., Sec. 7206(1) - Making a False Tax Return; Title 18, U.S.C., Sec. 1957 - Money Laundering; Title 18, U.S.C., Sec. 2 - Aiding and Abetting, Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |
| STEVEN MARTINEZ, | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times pertinent to this Indictment:

1. The Internal Revenue Service (IRS) is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

2. The California Franchise Tax Board (FTB) is an agency of the State of California responsible for administering and enforcing the tax laws of the State of California.

JJO:kst(lml):San Diego
4/13/11



3. The IRS and the FTB are responsible for ensuring that each and every citizen and resident of California pay their fair share of any tax that is due and owing.

4. Defendant STEVEN MARTINEZ (hereinafter referred to as "defendant MARTINEZ"), a resident of Ramona, California, was a tax return preparer beginning no later than January 1998, and continuing up to and including the present. Defendant MARTINEZ owned and operated a tax return preparation business in San Diego, California, under various business names, including but not limited to Goertz & Martinez LLP, and Steven Martinez, CPA, AAC.

5. Defendant MARTINEZ has been a licensed Certified Public Accountant (CPA) in the State of California from 1994 to the present.

6. Defendant MARTINEZ was a Revenue Agent with the IRS in Oceanside, California, from 1988 to 1992.

7. "EFTPS" is an acronym derived from the IRS's "Electronic Federal Tax Payment System." This system allows taxpayers to pay taxes due and owing, and estimated taxes, electronically via the Internet and telephone.

8. A "Social Security Number" (SSN) is a nine-digit number issued by the Social Security Administration, an independent agency of the United States federal government, to United States citizens, permanent residents, and temporary (working) residents under Section 205(c)(2) of the Social Security Act.

9. A "means of identification" is defined in Title 18, United States Code, Section 1028(d)(7), and includes a person's name, SSN, and date of birth.

//
//

Counts 1 - 6

MAIL FRAUD

[18 U.S.C. § 1341]

10. The allegations set forth in paragraphs 1 through 9 above are realleged and incorporated by reference as if fully set forth herein.

### The Scheme to Defraud

11. Beginning on a date unknown to the grand jury, and continuing up to and including at least October 15, 2008, within the Southern District of California, and elsewhere, defendant STEVEN MARTINEZ (hereinafter referred to as "defendant MARTINEZ"), did devise and intend to devise, with the intent to defraud, a scheme to defraud as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment and omission of material facts.

### Method and Means of the Fraudulent Scheme

12. It was part of the scheme that defendant MARTINEZ opened or caused others to open bank accounts in the names of various nominee entities, including but not limited to: Goertz & Martinez CTA, Inc., Goert-Martinez CTA, Inc., Via Brazil, Inc., 2011 Holdings, Inc., EFTPS-2007, Inc., and EFTPS-2008, Inc. (hereinafter collectively referred to as the "nominee bank accounts"). These nominee entities and corresponding bank accounts had no relation to the IRS, FTB, or the EFTPS system.

13. It was a further part of the scheme that defendant MARTINEZ prepared and provided to his clients both federal and state income tax returns indicating that the taxpayers owed substantial amounts of tax to the IRS and FTB.

14. It was a further part of the scheme that defendant MARTINEZ directed his clients to give him checks payable to one or more of the nominee accounts in the amounts indicated on their returns as the income tax and estimated tax payments due to the IRS and FTB.

15. It was a further part of the scheme that defendant MARTINEZ falsely represented to his clients that he would forward these sums to the IRS and FTB as payment of their tax liabilities.

16. It was further part of the scheme that defendant MARTINEZ diverted millions of dollars of these funds to his own personal use, rather than forwarding the funds to the relevant taxing authority as promised to the taxpayer.

17. It was a further part of the scheme that defendant MARTINEZ prepared a bogus set of income tax returns for his taxpayer clients showing a substantially lower amount of tax due and owing. Without his clients' knowledge, consent, or authorization, defendant MARTINEZ then submitted the bogus tax returns to the IRS and FTB in lieu of the original returns presented and provided to the taxpayers.

18. It was a further part of the scheme that defendant MARTINEZ misused his clients' means of identification, including their names and SSNs, to prepare and file the bogus set of false tax returns without his clients' knowledge, consent, or authorization.

19. It was a further part of the scheme that by defrauding his clients using the foregoing method and means, among others, defendant MARTINEZ fraudulently obtained more than $11,000,000 from his clients and converted these funds to his own personal use and benefit.

20. It was a further part of the scheme that defendant MARTINEZ filed his own false personal income tax returns with the IRS and FTB by failing to report the millions in additional income that he

1  received by fraudulently causing his clients' tax payments to be
2  deposited into the nominee bank accounts, and then converting these
3  funds to his own personal use.
4       21.  Through the foregoing method and means, among others,
5  defendant MARTINEZ defrauded the IRS and FTB out of more than
6  $11,000,000 in taxes due and owing and estimated tax payments.

### The Mailings

22.  On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendant STEVEN MARTINEZ, for the purpose of executing the aforesaid material scheme and attempting to do so, knowingly caused to be placed in any post office and authorized depository for mail matter any matter and thing whatever to be sent and delivered by the Postal Service, as more particularly described below (Column "B"):

| | "A" | "B" |
|---|---|---|
| Count | Date | Item |
| 1 | June 24, 2006 | Taxpayer C.I.I., IRS Form 1120S for tax year 2005 (U.S. Mail) |
| 2 | July 20, 2006 | Taxpayers J.V.S. and M.A.S., IRS Form 1040 for tax year 2004 (U.S. Mail) |
| 3 | October 5, 2007 | Taxpayer C.I.I., IRS Form 1120S for tax year 2006 (U.S. Mail) |
| 4 | October 11, 2007 | Taxpayers S.H. and M.H., IRS Form 1040 for tax year 2006 (U.S. Mail) |
| 5 | October 15, 2007 | Taxpayers A.M.C. and A.L.C., IRS Form 1040 for tax year 2006 (U.S. Mail) |
| 6 | March 17, 2008 | Taxpayer C.I.I., IRS Form 1120S for tax year 2007 (U.S. Mail) |

All in violation of Title 18, United States Code, Section 1341.

//
//

## Counts 7 - 20

### PROCURING A FALSE TAX RETURN

[26 U.S.C. § 7206(2)]

23. The allegations set forth in paragraphs 1 through 9 above are realleged and incorporated by reference as if fully set forth herein.

24. On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendant STEVEN MARTINEZ (hereinafter referred to as "defendant MARTINEZ") did willfully aid and assist in, and procure, counsel, and advise the preparation of and presentation to the IRS, the tax returns set forth below (Column "B"). Each income tax return was false and fraudulent as to a material matter, in that each tax return represented that each client (Column "C") had total income in the lesser amount specified below (Column "D"), whereas defendant MARTINEZ knew that the total income as claimed on the specified IRS Form below was not true and correct, and that the total income was actually a higher amount, as more particularly described below (Column "E"):

| "A" | "B" | "C" | "D" | "E" |
|---|---|---|---|---|
| Count / Date Tax Return Filed | Tax Return | Taxpayer | Total False Income | Total Actual Income |
| 7    April 15, 2005 | 2004 1040 | M.S. | $9,090 | $143,457 |
| 8    April 15, 2006 | 2005 1040 | J.D.S. | $119,944 | $602,766 |
| 9    April 15, 2006 | 2005 1040 | M.S. | $12,959 | $116,350 |
| 10   June 27, 2006 | 2005 1120S | C.I.I. | $1,546,648 | $12,230,599 |
| 11   July 24, 2006 | 2004 1040 | J.V.S. | $265,581 | $5,687,657 |
| 12   Oct. 14, 2006 | 2005 1040 | A.M.C. | $265,183 | $720,287 |
| 13   April 15, 2007 | 2006 1040 | J.V.S. | $71,076 | $1,025,820 |
| 14   April 15, 2007 | 2006 1040 | M.S. | $32,900 | $200,046 |

6

| Count | "A" Date Tax Return Filed | "B" Tax Return | "C" Taxpayer | "D" Total False Income | "E" Total Actual Income |
|---|---|---|---|---|---|
| 15 | Oct. 9, 2007 | 2006 1120S | C.I.I. | $1,634,338 | $10,973,706 |
| 16 | Oct. 15, 2007 | 2006 1040 | M.H. | $2,131,864 | $20,703,874 |
| 17 | Oct. 18, 2007 | 2006 1040 | A.M.C. | $227,035 | $681,624 |
| 18 | March 25, 2008 | 2007 1120S | C.I.I. | $1,752,910 | $10,897,175 |
| 19 | April 15, 2008 | 2007 1040 | C.L.A. | $92,495 | $289,830 |
| 20 | Oct. 15, 2008 | 2007 1040 | A.M.C. | $286,148 | $1,069,947 |

All in violation of Title 26, United States Code, Section 7206(2).

## Counts 21 - 32

### FRAUDULENT USE OF THE SOCIAL SECURITY NUMBER OF ANOTHER PERSON

[42 U.S.C. § 408(a)(8)]

25. The allegations set forth in paragraphs 1 through 9 above are realleged and incorporated by reference as if fully set forth herein.

26. On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendant STEVEN MARTINEZ did knowingly disclose and use the SSN (Column "B") of another person to file a false and fraudulent federal income tax return (Column "C") filed with the IRS under the names set forth below (Column "D"), in violation of the laws of the United States, to wit: Title 18, United States Code, Section 1341, and Title 26, United States Code, Section 7206(2):

| Count | "A" Date Tax Return Filed | "B" Social Security Number | "C" Tax Return | "D" Taxpayer |
|---|---|---|---|---|
| 21 | April 15, 2006 | XXX-XX-8044 | 2005 1040 | J.D.S. |
| 22 | April 15, 2006 | XXX-XX-4487 | 2005 1040 | M.S. |

| Count | "A"<br>Date Tax<br>Return Filed | "B"<br>Social Security<br>Number | "C"<br>Tax Return | "D"<br>Taxpayer |
|---|---|---|---|---|
| 23 | July 24, 2006 | XXX-XX-9182 | 2004 1040 | J.V.S. |
| 24 | Oct. 14, 2006 | XXX-XX-9088 | 2005 1040 | A.M.C. |
| 25 | April 15, 2007 | XXX-XX-8044 | 2006 1040 | J.D.S. |
| 26 | April 15, 2007 | XXX-XX-9182 | 2006 1040 | J.V.S. |
| 27 | April 15, 2007 | XXX-XX-4487 | 2006 1040 | M.S. |
| 28 | Oct. 15, 2007 | XXX-XX-3248 | 2006 1040 | S.H. |
| 29 | Oct. 15, 2007 | XXX-XX-8853 | 2006 1040 | M.H. |
| 30 | Oct. 18, 2007 | XXX-XX-9088 | 2006 1040 | A.M.C. |
| 31 | April 15, 2008 | XXX-XX-1713 | 2007 1040 | C.L.A. |
| 32 | Oct. 15, 2008 | XXX-XX-9088 | 2007 1040 | A.M.C. |

All in violation of Title 42, United States Code Section 408(a)(8).

## Counts 33 - 44

### AGGRAVATED IDENTITY THEFT

[18 U.S.C. § 1028A(a)(1)]

27. The allegations set forth in paragraphs 1 through 9, 11 through 22, and 26 above are realleged and incorporated by reference as if fully set forth herein.

28. On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendant STEVEN MARTINEZ, during and in relation to the felony offense of mail fraud, as set forth in Counts 1 to 6 above, in violation of Title 18, United States Code, Section 1341, and during and in relation to the felony offense of using the SSN (Column "B") of another person to file a false and fraudulent federal income tax return (Column "C") filed with the IRS under the names set forth below (Column "D"); as set forth in Counts 21 to 32 above, in violation of Title 42, United States Code,

8

Section 408(a)(8), knowingly possessed and used, without lawful authority, a means of identification of another person, to wit: the names (Column "D") and the SSNs (Column "B"), knowing that said means of identification belonged to another person:

| Count | "A"<br>Date Tax<br>Return Filed | "B"<br>Social Security<br>Number | "C"<br>Tax Return | "D"<br>Taxpayer |
|---|---|---|---|---|
| 33 | April 15, 2006 | XXX-XX-8044 | 2005 1040 | J.D.S. |
| 34 | April 15, 2006 | XXX-XX-4487 | 2005 1040 | M.S. |
| 35 | July 24, 2006 | XXX-XX-9182 | 2004 1040 | J.V.S. |
| 36 | Oct. 14, 2006 | XXX-XX-9088 | 2005 1040 | A.M.C. |
| 37 | April 15, 2007 | XXX-XX-8044 | 2006 1040 | J.D.S. |
| 38 | April 15, 2007 | XXX-XX-9182 | 2006 1040 | J.V.S. |
| 39 | April 15, 2007 | XXX-XX-4487 | 2006 1040 | M.S. |
| 40 | Oct. 15, 2007 | XXX-XX-3248 | 2006 1040 | S.H. |
| 41 | Oct. 15, 2007 | XXX-XX-8853 | 2006 1040 | M.H. |
| 42 | Oct. 18, 2007 | XXX-XX-9088 | 2006 1040 | A.M.C. |
| 43 | April 15, 2008 | XXX-XX-1713 | 2007 1040 | C.L.A. |
| 44 | Oct. 15, 2008 | XXX-XX-9088 | 2007 1040 | A.M.C. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

Count 45 - 48

MAKING A FALSE TAX RETURN

[26 U.S.C. § 7206(1)]

29. The allegations set forth in paragraphs 1 through 9 above are realleged and incorporated by reference as if fully set forth herein.

30. On or about the dates set forth below (Column "A"), within the Southern District of California and elsewhere, defendant STEVEN MARTINEZ (hereinafter referred to as "defendant MARTINEZ") did

willfully make and subscribe to a false and fraudulent U.S. Individual Income Tax Return for the tax years set forth below (Column "B"), which contained and was verified by a written declaration that it was made under penalties of perjury and was filed with the Internal Revenue Service, which return defendant MARTINEZ did not believe to be true and correct as to every material matter in that said income tax return reported total income in the lesser amount stated below (Column "C"), whereas, defendant MARTINEZ then well knew and believed, that his correct total income was in excess of the amount reported on the tax return, as more particularly described below (Column "D"):

| "A" Count | "B" Date Tax Return Filed | Tax Return | "C" Total False Income | "D" Total Actual Income |
|---|---|---|---|---|
| 45 | October 19, 2005 | 2004 1040 | $139,802 | $3,139,802 |
| 46 | April 15, 2006 | 2005 1040 | $165,095 | $3,165,095 |
| 47 | April 15, 2007 | 2006 1040 | $238,728 | $5,238,728 |
| 48 | October 15, 2008 | 2007 1040 | $145,603 | $2,171,853 |

All in violation of Title 26, United States Code, Section 7206(1).

### Count 49

### MONEY LAUNDERING

[18 U.S.C. § 1957]

31. The allegations set forth in paragraphs 1 through 9, 11 through 22, and 28 above are realleged as if fully set forth herein.

32. On or about December 12, 2006, within the Southern District of California, defendant STEVEN MARTINEZ did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in

criminally derived property of a value greater than $10,000, that is a cashier's check in the amount of $2,000,000, drawn on a nominee bank account at Bank of America (in the name of Via Brazil, Inc.), and deposited into a nominee bank account at California Coast Credit Union (in the name of 2011 Holdings, Inc.), such property having been derived from specified unlawful activity, that is, mail fraud and aggravated identity theft, in violation of Title 18, United States Code, Sections 1341 and 1028A(a)(1); all in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

33. The allegations set forth in paragraphs 1 through 32 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

34. Upon conviction of the offense of mail fraud as set forth in Counts 1 through 6, and the offense of aggravated identity theft as set forth in Counts 33 through 44, defendant STEVEN MARTINEZ, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to:

    a. All real property located in the State of California, County of San Diego, commonly known as 15859 Rosemont Lane, Ramona, California, 92065 and more specifically described as: Parcel 1 of Parcel Map No. 10990, in the State of California, County of San Diego, filed in the

|   |    |                                                                                                                                                                                                                                                                                                                                                                                                              |
|---|----|------|

Office of the County Recorder of San Diego County on February 12, 1982 as Instrument No. 81-45252, Official Records;

b. All real property located in the State of California, County of Riverside, commonly known as 30420 Longhorn Drive, Canyon Lake, California, 92587 and more specifically described as: Parcel 1: Lot 44 of Tract 3868, in the City of Canyon Lake, County of Riverside, State of California, as per Map recorded in Book 62, Page(s) 41 through 64, inclusive, of Maps, in the Office of the County Recorder of Riverside County; and Parcel 2: An easement to be used in common with others over lettered Lots "H" through "Z", inclusive and Lots "AA" through "JJ", inclusive, of Tract 3868, as shown by Map on file in Book 62, Pages 41 through 64, inclusive, of Maps, Records of Riverside County;

c. All funds contained in the nominee bank accounts, including but not limited to the bank account ending 8089 at Bank of America in the name of EFTPS-2008, Inc.;

d. Any interest of defendant STEVEN MARTINEZ in an airplane, including but not limited to a Beechcraft King Air 100 (twin-turboprop), with aircraft tail number "N10655";

e. Any interest of defendant STEVEN MARTINEZ in a boat, including but not limited to a 2000 Maxum SCR 3300, HIN (hull identification number) MXPA84MVH900;

f. Any interest of defendant STEVEN MARTINEZ in a motorhome or RV, including but not limited to a 2001 Monaco Diplomat, VIN number 1RF12051012011837; and

```
 1        g.   A sum of money equal to the total amount of proceeds
 2             derived directly or indirectly as a result of the
 3             offenses, including but not limited to $11,000,000.
 4   35.  If any of the above-described forfeited property, as a
 5 result of any act or omission of defendant STEVEN MARTINEZ;
 6        a.   cannot be located upon the exercise of due diligence;
 7        b.   has been transferred or sold to, or deposited with, a
 8             third person;
 9        c.   has been placed beyond the jurisdiction of the Court;
10        d.   has been substantially diminished in value; or
11        e.   has been commingled with other property which cannot be
12             subdivided without difficulty;
```

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant STEVEN MARTINEZ up to the value of the said property described above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: April 14, 2011.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
JOSEPH J.M. ORABONA
Assistant U.S. Attorney

13