# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>STEVEN MARTINEZ,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11CR1445 WQH<br><br>ORDER |

HAYES Judge:

The matters before the Court are the objections by the Defendant to mandatory restitution under 18 U.S.C. § 3663A. (ECF No. 97).

On August 10, 2012, Defendant pled guilty pursuant to a Plea Agreement to twelve counts in the Superseding Indictment, including mail fraud, procuring false tax returns, fraudulent use of a Social Security number of another person, aggravated identity theft, filing false personal tax returns, money laundering, witness tampering, murder-for-hire, and solicitation of a crime of violence. The Plea Agreement, signed by the Defendant and the Government, provided in relevant part:

> Defendant agrees that the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the count(s) of conviction. Accordingly, the parties will jointly recommend that defendant pay restitution in the amount of at least $11,000,000; the exact amount to be determined at sentencing. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of restitution.

(Plea Agreement ECF No. 67 at 29).

On November 19, 2012, the Court ordered the Government to provide "[a] listing of the amounts subject to restitution" in order to allow "the probation officer to obtain and include in its presentence report ... information sufficient for the court to exercise its discretion in fashioning a restitution order." (ECF No. 78).

On December 10, 2012, the Probation Office filed an addendum to the presentence report recommending that the Court order the Defendant to pay $15,009,593.46 in restitution to the following three identified victims: (1) $11,964,375.51 to the Internal Revenue Service (IRS); (2) $2,955,715.46 to the California Franchise Tax Board (FTB); and (3) $89,502.49 to the victim J.D.S. (ECF No. 88).

On December 12, 2012, Defendant filed objections to the addendum to the presentence report. (ECF No. 97).

On January 4, 2012, the Government filed a response to the Defendant's objections to the addendum to the presentence report. (ECF No. 98).

## APPLICABLE LAW

The Mandatory Victims Restitution Act (MVRA) makes restitution mandatory for offenses which involve fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The statute provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The "primary and overarching goal" of the statute "is to make victims of crime *whole,* to *fully* compensate these victims for their original losses and to restore these victims to their original state of well-being." *United States v. Gordon,* 393 F.3d 1044, 1053 (9th Cir. 2004) (quoting *United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000)).

"Restitution can only be based on actual loss." *United States v. Xu*, __ F.3d __, 2013 WL 28392 (9th Cir. 2013). 18 U.S.C. §3664(e) provides that "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.... The burden of demonstrating

such other matters as the court deems appropriate shall be as upon the party designated by the court as justice requires." 18 U.S.C. §3664(e).

## RULING OF THE COURT

Defendant contends that the Government has made an insufficient factual showing to support its requested restitution order. The Government contends that the record is sufficient for the Court to make specific legal and factual findings to determine the proper restitution. The Government and the Defendant request that the Court resolve the restitution issue without an evidentiary hearing. (ECF No. 97 at 5, ECF No. 98 at 10).

### IRS and FTB

Defendant has entered a plea of guilty to mail fraud, procuring false tax returns, fraudulent use of a Social Security number of another person, aggravated identity theft, and filing false personal tax returns. Defendant agreed that restitution "shall include defendant's total offense conduct, and is not limited to the count(s) of conviction." (ECF No. 67 at 29). An order of restitution is mandatory to "each victim in the full amount of each victim's loss." 18 U.S.C. § 3664(f)(1)(A). In the plea agreement, Defendant admitted the following facts are true and undisputed:

> Defendant MARTINEZ prepared and provided to his clients both federal and state income tax returns accurately indicating what the taxpayer owed to the IRS and FTB.
>
> Defendant MARTINEZ, with the intent to defraud, requested his clients to give him checks payable to one or more of the nominee accounts (having no relation to the IRS or the FTB) in the amounts indicated on their returns as the income tax and estimated tax payments due to the IRS and FTB.
>
> Defendant MARTINEZ falsely represented to his clients that he would forward these sums to the IRS and FTB as payment of their tax liabilities.
>
> Defendant MARTINEZ, with the intent to defraud, diverted millions of dollars of these funds to his own personal use, rather than forwarding all of the funds to the relevant taxing authority as promised to the taxpayer.
>
> Defendant MARTINEZ, with the intent to defraud, prepared a false set of tax returns for his clients showing a substantially lower amount of tax due and owing. Without his clients' knowledge, consent, or authorization, defendant MARTINEZ filed the false tax returns with the IRS and FTB in lieu of the original returns presented and provided to his clients. ...
>
> Defendant MARTINEZ fraudulently obtained more than $11 million from his clients and converted these proceeds of the fraud to his own personal use and

benefit.

(ECF No. 67 at 7-8).

The Government requests the Court to order Defendant to make restitution of $11,964,375.51 to the Internal Revenue Service (IRS); and $2,955,715.46 to the California Franchise Tax Board (FTB) on the grounds that the monies paid by Defendant's taxpayer clients to the nominee accounts are due and owing to the tax authorities.[1] The amount of restitution requested by the Government to the taxing authorities represents the amounts deposited in the nominee accounts from the individual taxpayer clients which were reasonably concluded to be payments made to Defendant for the purpose of paying estimated taxes and taxes due and owing to the taxing authorities. The Government submits the statements of the victims, some tax returns, and bank records obtained in the investigation to determine the amount of money paid to the nominee accounts by the taxpayer clients which was not forwarded by Defendant to the tax authorities. The Government contends that the money paid to the nominee accounts by the taxpayer clients and converted by Defendant to his own personal benefit should be ordered repaid by Defendant to the taxing authorities.

Defendant objects to the request for restitution to the IRS and FTB on the grounds that there is "an insufficient foundation on which to assume that the monies allegedly diverted represent losses *to the taxing authorities.*" (ECF No. 97 at 3). Defendant does not contest the amounts of monies paid to the nominee accounts by the taxpayer clients not forwarded by the Defendant to the tax authorities and converted by Defendant to his own personal benefit. Defendant asserts that the evidence is not sufficient to determine that these amounts represent the taxes actually due to the taxing authority by the taxpayer.

The Government contends that "[w]ithout returns shown to the victims, the only logical method to determine the taxes due and owing to the IRS is to examine the checks made payable to Defendant for taxes." (ECF No. 98 at 8). The Government contends that the restitution is properly ordered to the IRS and FTB for the monies Defendant obtained from his

---

[1] These amounts requested include the requested restitution for taxes owed by Defendant for the tax years 2004 through 2010.

clients and used for his personal benefit because the clients owed these payments to the IRS. The Government contends that the IRS would have to engage in the civil actions against the victim taxpayers to recover tax payments due and owing should the Court order restitution payments to the taxpayer clients, rather than the taxing authority.

The evidence in the record establishes that the Defendant fraudulently obtained the monies at issue from the taxpayer clients in order to pay taxes allegedly due and owing by the taxpayer clients by preparing proposed tax returns. Defendant converted these monies paid to him for the purpose of satisfying the tax liability of his client taxpayers for his own personal benefit. The evidence established that the Defendant subsequently prepared and filed false tax returns for his taxpayer clients which falsely represented the amount of money each tax payer client owed to the taxing authority. There is no evidence in the record representing the amount of amount of money that each taxpayer client actually owed to the taxing authorities.

The Government's assertion that the monies paid by the taxpayer clients to Defendant for the purposes of paying taxes due and owing should be ordered paid to the taxing authorities is based upon an assumption that the proposed tax returns prepared by Defendant and forwarded to the taxpayer client were accurate. These proposed tax returns were prepared for the purpose of fraudulently securing money from the taxpayer clients; the proposed tax returns were never submitted to the taxing authorities; and the proposed tax returns are not in the record. The Court finds that the assumption that the proposed tax returns were accurate is not supported by sufficient facts in the record. The Court concludes that this assumption cannot be used to order the monies fraudulently obtained by Defendant from the taxpayer clients be paid as restitution to the taxing authorities. The Court finds that the victims in this case are the Defendant's taxpayer clients and that the taxpayer clients are entitled to restitution in the amount of monies paid to the nominee accounts for tax payments which were not paid to the taxing authorities and not repaid to the client victims by the Defendant.

Defendant shall file any and all information relevant to support the claim that Defendant has repaid any monies to the taxpayer victims as an offset against an order of restitution to any victims no later than February 11, 2013. Any response by the Government shall be filed by

February 19, 2013.

**Victim J.D.S.**

The Government requests the Court to order Defendant to make restitution of $89,502.49 to the victim J.D.S. in order to compensate this victim for a second payment made directly to the IRS and the FTB to resolve the tax liability. Defendant objects to the request for restitution on the grounds that it "does not take into account the civil settlement reached between Defendant and victim J.D.S., the terms of which are confidential, and can only be revealed by Order of the Court." (ECF No. 97 at 2). The Government asserts that criminal restitution cannot be waived by a civil settlement. The Government further asserts that credit for such a settlement could only be made with disclosure of evidence supporting an alleged civil payment to the victim.

"Criminal restitution is mandatory under the MVRA and cannot be waived by a prior civil settlement." *United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010). However, "[a] district court may not order restitution such that victims will receive an amount greater than their actual losses." *United States v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011).

In this case, victim J.D.S. is entitled to restitution for actual losses in this criminal proceeding regardless of any representations made as to liability in a civil settlement. However, the amount of restitution will be offset by any actual payments made by the Defendant to victim J.D.S. The Court finds that the burden to prove any such actual payment to the victim J.D.S. rests with the Defendant. *See* 18 U.S.C. §3664(e). Access to information related to any confidential settlement between Defendant and victim J.D.S., or any other victim in this case, is accessible to Defendant and is not accessible to the Government.[2]

Defendant shall file any and all information relevant to support the claim that the Defendant has repaid any monies paid by victim J.D.S. to the nominee account as an offset against an order of restitution no later than February 11, 2013. Any response by the Government shall be filed by February 19, 2013.

---

[2] Defendant asserts that this information "can only be revealed by Order of the Court." (ECF No. 97 at 2). Defendant has the burden to seek such a court order and obtain the information necessary to establish any offset.

**Defendant's 2004 though 2010 tax liability**

Defendant objects to the request for restitution "[w]ith respect to the Defendant's own tax liability as a part of the requested restitution, the Government has totaled the allegedly 'diverted' monies in each tax year, and multiplied it times the applicable tax rate, to come up with the figure allegedly owed by Mr. MARTINEZ ($3,042,594.30 to IRS and $1,011,088.46 to FTB)." (ECF No. 97 at 4). Defendant asserts that he has "filed amended tax returns for the years in question which have been accepted and processed by the IRS" and that there is no showing that his returns are inaccurate. *Id.*

The MVRA seeks to fully compensate victims for their losses but contains "provisions which ensure that victims do not through restitution receive an amount exceeding their losses." *Rizk,* 660 F.3d at 1137. Defendant's claim that he has satisfied his tax liability for the "years in question" is relevant to the determination of restitution. However, there is no evidence in the record to support the Defendant's claim that he has satisfied his tax liability for the "years in question." *Id.*

Defendant shall file any and all information relevant to support the claim that he has satisfied his tax liability for any of the years at issue no later than February 11, 2013. Any response by the Government shall be filed by February 19, 2013.

## CONCLUSION

IT IS HEREBY ORDERED that the objections by the Defendant to the mandatory restitution under 18 U.S.C. § 3663A (ECF No. 97) will remain pending.

Defendant shall file any and all information relevant to support the claim that the Defendant has repaid any monies to the taxpayer victims as an offset against an order of restitution to any victims no later than February 11, 2013. Any response by the Government shall be filed by February 19, 2013.

Defendant shall file any and all information relevant to support the claim that the Defendant has repaid any monies paid by victim J.D.S. to the nominee account as an offset against an order of restitution no later than February 11, 2013. Any response by the Government shall be filed by February 19, 2013.

Defendant shall file any and all information relevant to support the claim that he has satisfied his tax liability for any of the years at issue no later than February 11, 2013. Any response by the Government shall be filed by February 19, 2013.

DATED: January 23, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge