FILED

2013 APR 15 PM 1:50

CLERK
SOUTH...

BY ___

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 11cr1445-WQH |
|---|---|
| Plaintiff, | ) PRELIMINARY ORDER<br>) OF CRIMINAL FORFEITURE |
| v. | ) |
| STEVEN MARTINEZ, | ) |
| Defendant. | ) |

WHEREAS, in the First Superseding Indictment in the above-captioned case (docket no. 38), the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant STEVEN MARTINEZ ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c) as properties, real or personal, which constitute or are derived from proceeds traceable to the offenses as charged in the First Superseding Indictment; and

WHEREAS, on or about August 10, 2012, Defendant, pled guilty to Counts 4, 7, 21, 33, 47, 49, 50-53, 54 and 55 of the First Superseding Indictment, which counts charged the Defendant with, *inter alia*, mail fraud, in violation of 18 U.S.C. § 1341,

procuring a false tax return, in violation of 26 U.S.C. § 7206(2), and money laundering, in violation of 18 U.S.C. § 1957. Additionally, the Defendant agreed to forfeit all right, title, and interest in the following assets, listed in the Forfeiture Addendum to his Plea Agreement, which are proceeds of illegal conduct and forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 982(a)(1), and 28 U.S.C. § 2461(c):

1. All real property located in the State of California, County of San Diego, commonly known as 15859 Rosemont Lane, Ramona, California, 92065 and more specifically described as: Parcel 1 of Parcel Map No. 10990, in the State of California, County of San Diego, filed in the Office of the County Recorder of San Diego County on February 12, 1982 as Instrument No. 81-45252, Official Records;

2. All real property located in the State of California, County of Riverside, commonly known as 30420 Longhorn Drive, Canyon Lake, California, 92587 and more specifically described as: Parcel 1: Lot 44 of Tract 3868, in the City of Canyon Lake, County of Riverside, State of California, as per Map recorded in Book 62, Page(s) 41 through 64, inclusive, of Maps, in the Office of the County Recorder of Riverside County; and Parcel 2: An easement to be used in common with others over lettered Lots "H" through "Z", inclusive and Lots "AA" through "JJ", inclusive, of Tract 3868, as shown by Map on file in Book 62, Pages 41 through 64, inclusive, of Maps, Records of Riverside County;

3. All funds contained in the nominee bank accounts, including but not limited to the bank account ending 8089 at Bank of America in the name of EFTPS-2008, Inc.;

4. Any interest in an airplane, including but not limited to a Beechcraft King Air 100 (twin-turboprop), with aircraft tail number "N10655";

5. Any interest in a boat, including but not limited to a 2000 Maxum SCR 3300, HIN (hull identification number) MXPA84MVH900;

6. Any interest in a limousine, which was transferred to and in the possession of Norman Russell Thellmann;

7. Any interest in a motorhome or RV, including but not limited to a 2001 Monaco Diplomat, VIN number 1RF120510120011837;

//

8. A sum of money equal to the total amount of proceeds derived directly or indirectly as a result of the offense of witness tampering as set forth in Counts 50 through 53 and use of a facility of interstate commerce in the commission of murder-for-hire as set forth in Count 54 of the Superseding Indictment, including but not limited to $100,000. In particular, defendant forfeits his interest in the $42,400 seized from the residence of Norman Russell Thellmann on or about March 2, 2012; and

9. A sum of money equal to the total amount of proceeds derived directly or indirectly as a result of the offenses, including but not limited to $11,000,000; and

WHEREAS, the plea included entry of an $11,000,000 judgment against the Defendant in favor of the United States and forfeiture of the assets listed below; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court and are available for forfeiture, namely:

1. All real property located in the State of California, County of San Diego, commonly known as 15859 Rosemont Lane, Ramona, California, 92065 and more specifically described as: Parcel 1 of Parcel Map No. 10990, in the State of California, County of San Diego, filed in the Office of the County Recorder of San Diego County on February 12, 1982 as Instrument No. 81-45252, Official Records;

2. All real property located in the State of California, County of Riverside, commonly known as 30420 Longhorn Drive, Canyon Lake, California, 92587 and more

specifically described as: Parcel 1: Lot 44 of Tract 3868, in the City of Canyon Lake, County of Riverside, State of California, as per Map recorded in Book 62, Page(s) 41 through 64, inclusive, of Maps, in the Office of the County Recorder of Riverside County; and Parcel 2: An easement to be used in common with others over lettered Lots "H" through "Z", inclusive and Lots "AA" through "JJ", inclusive, of Tract 3868, as shown by Map on file in Book 62, Pages 41 through 64, inclusive, of Maps, Records of Riverside County;

3. All funds contained in the nominee bank accounts, including but not limited to the bank account ending 8089 at Bank of America in the name of EFTPS-2008, Inc.;

4. A sum of money equal to the total amount of proceeds derived directly or indirectly as a result of the offense of witness tampering as set forth in Counts 50 through 53 and use of a facility of interstate commerce in the commission of murder-for-hire as set forth in Count 54 of the Superseding Indictment, including but not limited to $100,000. In particular, defendant forfeits his interest in the $42,400 seized from the residence of Norman Russell Thellmann on or about March 2, 2012. As this $42,400 is being forfeited under the Preliminary Order of Criminal Forfeiture of Norman Russell Thellmann in Case No. 12cr1208-WQH, it shall be deducted from the $100,000, leaving Defendant with a balance owing of $57,600.00; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and/or control of the following assets, and all right, title and interest of Defendant STEVEN MARTINEZ in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1. All real property located in the State of California, County of San Diego, commonly known as 15859 Rosemont Lane, Ramona, California, 92065 and more specifically described as: Parcel 1 of Parcel Map No. 10990, in the State of California, County of San Diego, filed in the

|   |   |   |
|---|---|---|
|   |   | Office of the County Recorder of San Diego County on February 12, 1982 as Instrument No. 81-45252, Official Records; |
|   | 2. | All real property located in the State of California, County of Riverside, commonly known as 30420 Longhorn Drive, Canyon Lake, California, 92587 and more specifically described as: Parcel 1: Lot 44 of Tract 3868, in the City of Canyon Lake, County of Riverside, State of California, as per Map recorded in Book 62, Page(s) 41 through 64, inclusive, of Maps, in the Office of the County Recorder of Riverside County; and Parcel 2: An easement to be used in common with others over lettered Lots "H" through "Z", inclusive and Lots "AA" through "JJ", inclusive, of Tract 3868, as shown by Map on file in Book 62, Pages 41 through 64, inclusive, of Maps, Records of Riverside County; |
|   | 3. | All funds contained in the nominee bank accounts, including but not limited to the bank account ending 8089 at Bank of America in the name of EFTPS-2008, Inc.; |
|   | 4. | A sum of money equal to the total amount of proceeds derived directly or indirectly as a result of the offense of witness tampering as set forth in Counts 50 through 53 and use of a facility of interstate commerce in the commission of murder-for-hire as set forth in Count 54 of the Superseding Indictment, including but not limited to $100,000. In particular, defendant forfeits his interest in the $42,400 seized from the residence of Norman Russell Thellmann on or about March 2, 2012. As this $42,400 is being forfeited under the Preliminary Order of Criminal Forfeiture of Norman Russell Thellmann in Case No. 12cr1208-WQH, it shall be deducted from the $100,000, leaving Defendant with a balance owing of $57,600.00. |

2. The aforementioned forfeited assets are to be held by the Internal Revenue Service (IRS) in its secure custody and/or control. The two real properties are preserved for forfeiture by means of lis pendens recorded on April 15, 2011.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

//

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the IRS's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

//

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the above assets, Defendant STEVEN MARTINEZ shall forfeit to the United States the sum of **$11,000,000** pursuant to 21 U.S.C. § 853. The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of **$11,000,000** with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

11. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$11,000,000** to satisfy the money judgment in whole or in part.

13. The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: 4/12/13

WILLIAM Q. HAYES, Judge
United States District Court