# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          Plaintiffs,<br>vs.<br>STEVEN MARTINEZ<br><br>          Defendant. | CASE NO. 11cr1445-WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Expunge Lis Pendens Recorded Against 15859 Rosemont Lane, Ramona, CA 92065 (ECF No. 161) filed by Claimant, Nationstar Mortgage LLC ("Nationstar").

**I.   Background**

   **A.   Preliminary Order of Criminal Forfeiture**

On April 15, 2011, the Government recorded a Notice of Lis Pendens, stating that "an indictment has been returned in the United States District Court for the Southern District of California against Defendant STEVEN MARTINEZ ... Upon conviction, Defendant ... will be ordered to forfeit to the United States the real property located at 15859 Rosemont Lane, Ramona, California...." (Request for Judicial Notice, ECF No. 164-1 at 35).

On August 9, 2012, Defendant Steven Martinez pled guilty, and admitted to the following:

> [b]eginning in at least January 2004, and continuing up to and including at least 2008, within the Southern District of California, and elsewhere,

> defendant MARTINEZ engaged in a scheme to defraud his taxpayer-clients by filing false tax returns with the IRS and California Franchise Tax Board (FTB), and rather than remitting his clients full tax payments, defendant MARTINEZ stole a majority of the money and used it for personal benefit.

(ECF No. 67 at 6).

On April 16, 2013, the Court entered a Preliminary Order of Criminal Forfeiture stating the following:

> [b]ased upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and/or control of the following assets, and all right, title and interest of Defendant STEVEN MARTINEZ in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n) ... All real property located in the State of California, County of San Diego, commonly known as 15859 Rosemont Lane, Ramona, California, 92065....

(ECF No. 116-1 at 4). The Court further ordered that "any person, other than the Defendant, having or claiming a legal interest in ... forfeited properties must file a petition with the Court within (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier." *Id.* at 6.

On April 16, 2013, the Court issued a Judgment in the Criminal Case. (ECF No. 116). Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Preliminary Order of Criminal Forfeiture became final, and part of the sentence included in the Judgment. Fed. R. Crim. P. 32.2(b)(3).

**B.     Third Party Petitioners**

Three Third Party Petitions were filed in response to the Order of Criminal Forfeiture, asserting interests in the property located at 15859 Rosemont Lane, Ramona, California, 92065.

On June 4, 2013, David K. Demergian, Esq. filed a Third Party Petition asserting an interest in the subject property "in the form of two deeds of trust recorded against the subject property...." (ECF No. 121 at 3). Demergian stated that his interest in the subject property arises from "a deed of trust ... recorded in favor of Petitioner on Sept. 14, 2009" and an assignment of a deed of trust that occurred on January 13, 2010. *Id.* at 2.

On June 5, 2013, CitiBank (West) ("CitiBank") filed a Third Party Petition asserting an interest in the subject property pursuant to 21 U.S.C. § 853(n)(1)-(7). (ECF No. 124 at 1). CitiBank stated that "CitiBank's secured interest was perfected on December 5, 2005, when the Deed of Trust was recorded in the official records of Los Angeles County." *Id.* at 2.

On June 18, 2013, U.S. Bank National Association ("U.S. Bank") filed a Third Party Petition asserting an interest in the subject property pursuant to 21 U.S.C. § 853(n)(1)-(7). (ECF No. 127 at 3). U.S. Bank stated that "it is the current beneficiary of a Deed of Trust ("DOT") dated October 4, 2005, [and] recorded on October 18, 2005 ... in the official records of the San Diego County Recorder's Office." *Id.* at 2. U.S. Bank stated that

> [o]n or about October 4, 2005, Defendant STEVEN MARTINEZ ... borrowed $445,000.00 ... from BSM Financial, L.P. which was secured by the Property.
>
> On or about May 4, 2012, BSM Financial, L.P. formally assigned the DOT to U.S. Bank, along with all beneficial interests and rights to the Property ... Notwithstanding this formal assignment, the Loan and DOT have been owned by U.S. Bank since the time the Loan was securitized into the Trust....
>
> Pursuant to 21 U.S.C. § 853(n)(6), U.S. Bank is a bona fide purchaser for the value of the right, title and interest in the ... real Property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture.

*Id.* at 2-3. On February 12, 2013, following Martinez's default on the loan, U.S. Bank recorded a Notice of Default and Election to Sell Under Deed of Trust. (Request for Judicial Notice, ECF No. 164-1 at 21).

### C.    First Amended Order of Criminal Forfeiture

On July 2, 2013, the Government filed "a Motion to Amend the Preliminary Order of Forfeiture of Real Property with respect to 15859 Rosemont Lane, Ramona, CA 92065, to recognize three interests as evidenced by third party petitions by David K. Demergian, Esq., Citibank (West), FSB, and U.S. Bank National Association." (ECF No. 132 at 1). The Government "request[ed] that the Court enter an Amended Order of Criminal Forfeiture recognizing the three ... petitions with respect to the real

property located at 15859 Rosemont Lane, Ramona, CA 92065 *only*." *Id.* at 2.

On July 7, 2013, the Court issued a First Amended Order of Criminal Forfeiture "recogniz[ing] the three ... petitions in that real property located at ... 15859 Rosemont Lane, Ramona, CA, 92065...." (ECF No. 133 at 2). The Order stated:

> IT IS FURTHER ORDERED that the Third Party Petitioners are authorized to proceed with foreclosure of their respective interests against the subject property in accordance with the law.
>
> IT IS FURTHER ORDERED that following the foreclosure of the deed(s) of trust, the United States may provide the foreclosing entity with a release of its lis pendens as may be appropriate.

*Id.* at 2-3.

### D.  Nationstar

On November 15, 2013, Nationstar Mortgage LLC ("Nationstar") petitioned the Court "to be substituted as a party for Defendant [U.S. Bank] ... pursuant to Rule 25(c) of the Federal Rules of Civil Procedure...." (ECF No. 157 at 1).

On December 2, 2013, the Court ordered that Nationstar "shall be substituted as Claimant in the ancillary proceedings ... related to the real property at 15859 Rosemont Lane, Ramona, California 92065." (ECF No. 160 at 1).

On February 21, 2014, Nationstar filed a Motion to Expunge Lis Pendens Recorded Against 15859 Rosemont Lane, Ramona, California. (ECF No. 161). On February 26, 2014, the Government filed a response. (ECF No. 163). On March 5, 2014, Nationstar filed a reply. (ECF No. 164).

## II.  Applicable Law

### A.  Criminal Forfeiture

Property subject to criminal forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture ... Any property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter ordered forfeited to the United States, unless the transferee establishes in a hearing ... that he is a bona fide purchaser for value...." 21 U.S.C. § 853(c); *see United States v. Parcel of Land, Bldgs, Appurtenances & Improvements,*

*Known as 92 Buena Vista Ave., Rumson, N.J.*, 507 U.S. 111, 137 (1993) (Scalia, J., concurring) (explaining the codification of the relation-back doctrine under 21 U.S.C. § 853(c): "[A]t the time the third-party interests are being adjudicated, the relation-back doctrine has already operated to carry back the title of the United States to the time of the act giving rise to the forfeiture, and the third parties have been divested of their property interests ... Indeed, if the court finds that the transferee has a valid claim under the statute, it must amend the order of forfeiture." (internal citations and quotations omitted)).

Under 21 U.S.C. § 853(n)(6), third party petitioners may establish an interest in criminally forfeited property by a preponderance of the evidence. Under 21 U.S.C. § 853(n)(6)(A), a petitioner's legal right, title, or interest may render the order of forfeiture invalid if "the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property...." 21 U.S.C. § 853(n)(6)(A). Under 21 U.S.C. § 853(n)(6)(B), a petitioner may establish an interest if "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture...." 21 U.S.C. § 853(n)(6)(B).

**B.     Lis Pendens**

"[R]equirements of the State law must be complied with in order to give constructive notice of ... an action pending in a United States district court as it relates to real property in such State." 28 U.S.C. §1964. Section 405.5 of the California Code of Civil Procedure states that California statutes governing lis pendens apply "to an action pending in any United States District Court in the same manner that it applies to an action pending in the courts of this state." Cal. Code Civ. Proc. § 405.5.

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice." *Kirkeby v. Superior Court of Orange County*, 33 Cal.4th 642, 647 (2004)

(quotation omitted). A lis pendens may be filed by any party in an action who asserts a "real property claim." *Id.* (quoting Cal. Code Civ. P. § 405.20). California Code of Civil Procedure § 505.30 provides that "[a]t any time after notice of pendency of action has been recorded, any party ... may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. P. § 505.30.

California Code of Civil Procedure Section 405.30 allows the property owner to remove an improperly recorded lis pendens by bringing an application to expunge the lis pendens. Cal. Code Civ. Proc. § 405.30. "[T]he court shall order the [lis pendens] expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." Cal. Code Civ. Proc. § 405.31. When a motion to expunge is brought, the burden is on the party opposing the motion to show the existence of a real property claim. Cal. Code Civ. Proc. § 405.32. The Court shall order the lis pendens be expunged if it "finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Proc. § 405.32. "'Probable validity,' with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3. When considering the merits of the underlying claim, the Court may consider evidence in the form of declarations or oral testimony. Cal. Code Civ. Proc. § 405.30. If the plaintiff provides "no convincing evidence," the burden will not be met, and the court will expunge notice of lis pendens. *Hunting World, Inc. v. Superior Court*, 22 Cal.App.4th 67, 73 (1994).

### III.   Conclusion

In this case, [U.S. Bank and] Nationstar as substituted for U.S. Bank, has filed a claim as a third party petitioner and requested relief from the lis pendens recorded against 15859 Rosemont Lane, Ramona, CA 92065, on the grounds that

> the Government cannot prove beyond a preponderance of the evidence that the Subject Property is subject to further forfeiture proceedings. U.S. Bank was a bona fide purchaser for value of the right, title and interest in the real property, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture. Accordingly, the subject property was **never** subject to forfeiture proceedings related to

1    the criminal conduct.

2 (ECF No. 161-1 at 18) (internal citations and quotations omitted); (ECF No. 127 at 2-3). Nationstar asks the Court to expunge the lis pendens based on this claim. This claim has not been adjudicated by the Court or adequately addressed by the parties. The claim must be decided in order to determine whether to expunge the lis pendens.

   IT IS HEREBY ORDERED that the Government shall file a response within **fourteen (14) days** from the date this Order is filed addressing the claim of Nationstar that the property is not subject to further forfeiture proceedings. Nationstar shall file any reply within **fourteen (14) days** of the Government's response.

DATED: April 23, 2014

**WILLIAM Q. HAYES**
United States District Judge